95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miles G. RAMSEY, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miles G. RAMSEY, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miles G. RAMSEY, Jr., Defendant-Appellant.
 No. 95-30301, 95-35919, 96-30052.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1996.
Decided Aug. 21, 1996.
 
 Before: GOODWIN, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ramsey was convicted of conspiracy to distribute marijuana and conspiracy to manufacture marijuana; he was acquitted of manufacturing marijuana and the use of a firearm in a drug trafficking offense. He appealed his conviction and sentence. We remanded for resentencing. See United States v. Ramsey, No. 93-30409 (9th Cir. Apr. 24, 1995) (unpublished memorandum).
 
 
 3
 In this second appeal, Ramsey argues that the mandatory minimum 5 year sentence imposed for violating 21 U.S.C. 841(b)(1)(B)(vii) was an illegal sentence. We affirm.
 
 
 4
 The district court found that the conspiracy offenses for which he was convicted involved more than 100 marijuana plants. In reaching that conclusion, the court considered as "involved in the conspiracy" 167 marijuana plants found growing in a location called the Dome House. The jury acquitted Ramsey of manufacturing marijuana, but convicted him of conspiracy to manufacture marijuana.
 
 
 5
 Ramsey now asserts that because he was found not guilty of manufacturing the 167 plants they cannot be counted by the sentencing court as "involved in the conspiracy." Because this assertion is without merit, and the court's finding that the conspiracy involved at least 100 plants is not clearly erroneous, we must affirm the sentence.
 
 The rule in this circuit is that
 
 6
 a district court sentencing a criminal defendant for the offense of conviction cannot reconsider facts that the jury necessarily rejected by its acquittal of the defendant on another count.
 
 
 7
 U.S. v. Watts, 67 F.3d 790, 796 (9th Cir.1995) (citing United States v. Brady, 928 F.2d 844, 851 (9th Cir.1991).
 
 
 8
 Title 21 U.S.C. §§ 841 and 846 provide that a conspiracy to distribute and conspiracy to manufacture "involving" more than 100 plants of marijuana is punishable by a minimum of 5 years imprisonment. The Dome House marijuana plants were involved in the conspiracy. As the district court stated, Ramsey was "part of the conspiracy ...--in which the dome house figured...." The acquittal was not a "necessary rejection" under Brady.
 
 
 9
 The district court further found that although the Dome House operation itself was not known to Ramsey, its existence was foreseeable. The jury's acquittal on the manufacturing count means only that Ramsey was not involved in the actual cultivation of the 167 plants, not that he could not foresee, or actually knew about, their role in the enterprise for which he was convicted as a conspirator. Therefore, the district court committed no error in considering the plants in sentencing Ramsey to the 5 year minimum.
 
 
 10
 Ramsey argues that the district court erred in refusing to depart downward. Because the 5 year mandatory minimum sentence applies, we need not reach this question.
 
 
 11
 Ramsey also argues that his sentence constitutes double jeopardy because a civil forfeiture was imposed before he was convicted of the conspiracy counts. "[I]n rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 116 S.Ct. 2135, 2149 (1996).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3